UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| VICKI LAUZIER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:11-cv-72-JAW |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

# REPORT AND RECOMMENDATION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the questions of whether the administrative law judge failed to include in his assessment of the plaintiff's residual functional capacity ("RFC") limitations arising from the plaintiff's fibromyalgia and obesity, whether he properly accounted in his RFC for the moderate mental limitations he found, and whether he improperly evaluated raw medical evidence. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from affective disorder/depression and fibromyalgia, impairments that were severe but which,

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on December 16, 2011, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

considered separately or in combination, did not meet or equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, Record at 8-9; that she had the RFC to perform a full range of work at all exertional levels except that she was limited to performance of semi-complex work consisting of up to 4-step instructions, she could tolerate routine changes in the work place, and she could interact appropriately with coworkers, supervisors, and the general public, Finding 5, *id*. at 11; that she was capable of performing her past relevant work as a cashier II; supervisor/housecleaner; fast food manager; and salesperson, Finding 6, *id*. at 16; and that, therefore, she had not been under a disability as that term is defined in the Social Security Act, at any time from March 1, 2005, the alleged disability onset date, through the date of the decision, October 4, 2010, Finding 7, *id.* The Decision Review Board selected the decision for review, but did not complete its review in the time allowed, *id*. at 1-3, making it the final determination of the commissioner. 20 C.F.R. § 405.420(a)(2); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d. 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f)); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this

step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. §§ 404.1520(f), 416.920(f)); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

The plaintiff's statement of errors also implicates Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or [a] combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* (quoting Social Security Ruling 85-28).

## I. Discussion

### A. Fibromyalgia

The plaintiff first challenges the RFC assigned by the administrative law judge on the ground that, having found her fibromyalgia to be a severe impairment, he could not then find that she had the RFC to perform a full range of work at all exertional levels. Plaintiff's Corrected Statement of Errors ("Itemized Statement") (Docket No. 11) at 6. She asserts both that this follows "by definition," because a severe impairment is one that imposes limitations on the ability to perform basic work activities and that the finding "is directly contradicted by the testimony of Dr. Webber, the medical expert who testified at the hearing." *Id*. at 6-7.

The administrative law judge said the following about Dr. Webber's testimony:

3

> Little weight has been given to hearing testimony from Dr. Peter Webber, primarily due to the authority he plainly attributed to subjective testimony. In line with the objective medical findings cited previously, Dr. Webber opined that there is substantive evidence of myofascial pain disorder consistent with fibromyalgia, but he found no clinical support for any other severe physical impairment. However, when asked if he concurred with the DDS evaluation of Dr. Lawrence Johnson (Ex. 7F), which the undersigned gives strong weight, Dr. Webber stated that he did not agree with Dr. Lawrence's finding of no exertional limitations. He cited probable fibromyalgia, but then stated that since objective treatment records did not clearly address "RFC type of things," one had to make a judgment based on what one heard in testimony. Using this as the underlying premise, Dr. Webber went on to say that "purely on a physical basis," he found the claimant "unlikely" of performing at a light exertional capacity, *if she were deemed credible.* As to a sedentary capacity, Dr. Webber then opined, "based on what her mother says," that he did not think the claimant was "functional." This view is not credited. First, a primary responsibility of the medical expert is to assist the undersigned in resolving conflicts within the record, not to assess a claimant's credibility, or to make a judgment reserved for the Commissioner (SSR 96-5p). Second, Dr. Webber stated himself, in effect, that his opinion as to the degree of impairment was **not** founded on the objective medical evidence, but rather on subjective testimony from the claimant and her mother.

Record at 15 (emphases in original).

The administrative law judge did provide an extensive and well-supported discussion of his reasons for finding the plaintiff's testimony "not credible." *Id*. at 13-15. He also gave "special weight" to a statement from Dr. Farino, a treating physician asked by the plaintiff's attorney to complete a form in preparation for the hearing before the administrative law judge, that his "forms were [not] going to be very helpful as she has missed her last several visits with me, making it difficult to comment on any physical disability." *Id*. at 15.

Social Security Ruling 99-2 directs an administrative law judge to assess the credibility of a claimant's testimony about pain when fibromyalgia is the impairment at issue. Social Security Ruling 99-2p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2001-2012), at 204-05. Credibility of the claimant "plays a heightened role in the A.L.J.'s RFC

decision" "[d]ue to the elusive, mysterious nature of fibromyalgia[.]" *Silva v. Commissioner of Soc. Sec.*, No. 3:10 CV 53, 2011 WL 3472296, at *6 (N.D. Ohio Aug. 9,2011)

The plaintiff correctly quotes a First Circuit opinion that dealt with fibromyalgia in the Social Security context, but that opinion does not support her argument that an administrative law judge, once he or she accepts a medical diagnosis of fibromyalgia, must also accept as true any and all testimony by the claimant about the symptoms of that disease that she has experienced. *See, e.g., Durbin v. Astrue*, No. C11-395-TSZ-JPD, 2011 WL 5877462, at * 6 (W.D. Wash. Nov. 4, 2011) ("This does not mean that every claimant asserting fibromyalgia receives a pass to a disability finding."); *Brown v. Astrue*, Civil Action No. 09-40211-FDS, 2011 WL 3421556, at *6 (D. Mass. Aug. 3, 2011) (same). An administrative law judge's credibility determination is entitled to deference, especially when it is supported, as it is here, by specific findings. *Frustaglia v. Secretary of Health & Human Servs.*, 829 F.2d 193, 195 (1st Cir. 1987).

Nor does the plaintiff's itemized statement cite any limitations imposed on work-related activities by any of her treating physicians, which was the crux of the decision in the case on which the plaintiff relies. *See Johnson v. Astrue*, 597 F.3d 409, 412 (1st Cir. 2009). Such medical evidence is necessary in order for the plaintiff to demonstrate that the administrative law judge committed reversible error in this regard. *See, e.g., Banks v. Astrue*, Civil Action No. 10-cv-370-JMH, 2011 WL 3608027, at *5 (E.D. Ky. Aug. 16, 2011); *Shields v. Astrue*, Civil Action No. 10-3174-CV-S-JCE-SSA, 2011 WL 3563339, at *5 (W.D. Mo. Aug. 11, 2011).

While the question is a close one, I conclude that the plaintiff has not demonstrated that she is entitled to remand on this basis.

### B. Obesity

The plaintiff's second challenge to the RFC is based on her contention that the administrative law judge "ignored medical evidence concerning [her] obesity." Itemized Statement at 10. Specifically, she asserts that he erred in concluding that her obesity was not a severe impairment. *Id*. at 10-11. She relies exclusively on an entry in the records of Dr. Miller, her treating rheumatologist, that her pain "is complicated by deconditioning, *obesity* and depression." *Id*. at 11 (emphasis in original).

However, assuming *arguendo* that this assertion is correct, the plaintiff fails to establish that any such error was not harmless. *See generally Swan v. Barnhart*, No. 03-130-B-W, 2004 WL 1529270, at *6 (D. Me. Apr. 30, 2004). The plaintiff apparently assumes that her pain was made worse by her obesity, and that, therefore, there must have been some physical exertional limitations associated with that increase in pain. Both assumptions are unfounded on the record before the court. The plaintiff's attorney was unable at oral argument to cite any entry in the medical records identifying a physical limitation due to pain resulting from the plaintiff's obesity, as distinct from her fibromyalgia. Indeed, there is no evidence of the magnitude by which her obesity increased her pain, even if it is assumed that "complicated by" necessarily means "increased by."

Dr. Miller's single entry in the medical records will not bear the weight that the plaintiff attempts to place upon it. The plaintiff is not entitled to remand on this basis.

### C. Mental RFC

At oral argument, the plaintiff's attorney withdrew this alleged basis for remand, and, therefore, no further discussion of this issue is necessary.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

*NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of January, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge